## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT OWENSBORO

**SCOT EUGENE GAITHER**                                                                        **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 4:06CV-P50-M**

**SUSAN TIERNEY** *et al.*                                                        **DEFENDANTS**

### MEMORANDUM OPINION

Seeking damages, Plaintiff Scot Eugene Gaither, a prisoner at the Kentucky State Penitentiary, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §§ 1983 and 1985 and 18 U.S.C. §§ 241 and 242. This matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the instant action will be dismissed.

### I. SUMMARY OF CLAIMS

Alleging a denial of access to court and a conspiracy to deny him access to court, Plaintiff brings suit against Susan Tierney, Clerk of Daviess Circuit Court, and Tierney's employees, John and Jane Doe. Each Defendant is sued in his or her individual capacity.

Plaintiff alleges that on or about March 28, 2005, he filed a Kentucky Rule of Criminal Procedure (RCr) 10.06 "Motion for Immediate Evidentiary Hearing for Determination Whether Venue was Proper in Daviess County." On April 1, 2005, the Daviess Circuit Court denied the motion. On April 7, 2005, Plaintiff "by U.S. Mail postage prepaid mailed his timely notice of appeal to defendant Tierney," but the notice of appeal was not tendered by Defendant Tierney and/or John Doe and/or Jane Doe until May 31, 2005, in Daviess Circuit Court. Unbeknownst to Plaintiff that his notice of appeal had not been filed by Defendants until May 31, 2005, Plaintiff

filed an appellate brief in the Kentucky Supreme Court, who rejected the brief on June 27, 2005. On July 18, 2005, Plaintiff submitted his appellate brief to the Kentucky Court of Appeals, where the Kentucky Supreme Court indicated it should be filed. On August 2, 2005, the Clerk of the Kentucky Court of Appeals returned Plaintiff's appellate briefs, asserting that the trial court had not formally filed Plaintiff's notice of appeal. On October 28, 2005, Plaintiff filed a writ of mandamus asking the Kentucky Supreme Court to compel the Clerk of the Kentucky Court of Appeals and Defendant Tierney to file his appeal. On February 23, 2006, the Kentucky Supreme Court denied the petition for writ of mandamus.

Plaintiff alleges that the foregoing acts constructively denied him "further judicial review in reparation, by forever closing the doors on his legal issue averred in his RCr 10.06 motion for Federal Habeas Corpus review, by statutory right, under . . . § 2254."

## II.  LEGAL STANDARD

Under 28 U.S.C. § 1915A, this Court must review the instant action. 28 U.S.C. § 1915A ("The court shall review, . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."); *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997). Upon review, this Court must dismiss "the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b).

A complaint may be dismissed as frivolous under § 1915A if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989). A complaint, or portion thereof, should be dismissed for failure to state a claim upon

2

which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). In reviewing a complaint under this standard, the Court must accept all factual allegations contained in the complaint as true and must also construe the pleading in the light most favorable to Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III.  ANALYSIS

#### A.  18 U.S.C. §§ 241 and 242

Plaintiff references 18 U.S.C. §§ 241 and 242. These are criminal statutes which do not give rise to any private right of action. *See Dugar v. Coughlin*, 613 F. Supp. 849, 852 n.1 (S.D.N.Y. 1985) (finding no private cause of action under 18 U.S.C. §§ 241 and 242). Accordingly, Plaintiff's Title 18 claims must be dismissed.

#### B.  42 U.S.C. § 1983

Plaintiff additionally references § 1983 and alleges that he was denied access to court under the First and Fourteenth Amendments. To establish a constitutional access-to-court claim, a prisoner must show actual injury or prejudice to a non-frivolous claim. *Lewis v. Casey*, 518 U.S. 343, 351-53 (1996).

Plaintiff has failed to demonstrate that a non-frivolous claim has been hindered. He reports filing an RCr 10.06 "Motion for Immediate Evidentiary Hearing for Determination Whether Venue was Proper in Daviess County," but he does not attach that document to his complaint or describe its contents. Plaintiff therefore fails to show that the venue claim was non-frivolous.

Additionally, RCr 10.06 sets the time limits for filing a *motion for new trial*, and Plaintiff does not allege that he filed a motion for new trial. Even if his challenge to venue was the proper subject matter of an RCr 10.06 motion, a "motion for a new trial shall be served no later than five (5) days after return of the verdict" unless based upon newly discovered evidence which "shall be made within one (1) year after the entry of the judgment or at a later time if the court for good cause so permits." *See* RCr 10.06(1). Plaintiff filed his RCr 10.06 motion on or about March 28, 2005, but the Kentucky Supreme Court's docket sheet of Plaintiff's direct criminal appeal reveals that the trial court entered its judgment in his criminal action (Daviess Circuit Court, Division II, 02-CR-446) nearly a year earlier on March 31, 2004. *See* http://apps.kycourts.net/supreme/sc_dockets.shtm (Docket Sheet for Case No. 2004-SC-000474). Plaintiff thus clearly filed his RCr 10.06 motion later than five days after the return of the verdict, and he wholly fails to allege any newly discovered evidence that would permit the filing of a motion for new trial outside the five-day limit. Thus, even if Plaintiff's motion for evidentiary hearing was properly brought as an RCr 10.06 motion, the motion was clearly untimely and thus frivolous.

Further, while Plaintiff was not permitted to appeal his RCr 10.06 motion, he did file a direct appeal of his criminal conviction to the Kentucky Supreme Court, which carefully considered the fifteen claims of error raised by Plaintiff. *See* 2004-SC-000474 (Unpublished Opinion, Feb. 23, 2006). And Plaintiff's claim that he is foreclosed from bringing a § 2254 petition raising the legal issue alleged in his RCr 10.06 is sheer speculation. Plaintiff has yet to file a § 2254 petition for writ of habeas corpus relief in this Court, and a petitioner who has defaulted on a claim may be excused from the default if he is able to show cause and prejudice.[1]

---

[1] The Court reminds the *pro se* prisoner that there is a one-year, statute-of-limitations period applicable to § 2254 actions. See 28 U.S.C. § 2244(d) for further guidance.

Finally, while Plaintiff broadly claims that Defendants' acts were willful and intentional,[2] he utterly fails to allege any facts even remotely suggesting such intent on the part of any Defendant.  At most, he has shown negligence, which does not rise to the level of a constitutional violation under § 1983.  *See Wojnicz v. Davis*, 80 Fed. Appx. 382, 384 (6th Cir. 2003) ("In order to establish an access to the courts violation under § 1983, a prisoner must prove that the violation was intentional, not merely negligent.").

For these reasons, Plaintiff's claim that Defendants denied him access to court must be dismissed.

### C.  42 U.S.C. § 1985

"Under § 1985, a plaintiff must plead his civil rights conspiracy charge with factual specificity; mere conclusory allegations will not survive a motion to dismiss."  *Ashiegbu v. Purviance*, 76 F. Supp. 2d 824, 830 (S.D. Ohio 1998); *Saunders v. Ghee*, No. 94-4073, 1995 WL 101289, at *1 (6th Cir. Mar. 9, 1995) ("Conspiracy claims under § 1985(3) must be pleaded with the same specificity as conspiracy claims under § 1983.") (citing *Jaco v. Bloechle*, 739 F.2d 239, 245 (6th Cir.1984)).  Plaintiff only broadly alleges that Defendants conspired to deny him of his rights.  This broad allegation fails to demonstrate a viable § 1985 conspiracy claim, and that claim will be dismissed.

---

[2] Plaintiff claims that Defendant Tierney "while acting under color of state law, willfully, intentionally, knowingly, fraudulently and criminally committed 'clerical misprison' individually and/or in concert, and/or under the direction of, and/or directing John and/or Jane Does, resulting in multiple violations of plaintiff's protected U.S. Constitutional rights."

The Court will enter a separate order consistent with this memorandum opinion.

Date:

cc: Plaintiff, *pro se*
4414.005